IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN L. STRAYER,<br>　　　　Plaintiff<br><br>　vs.<br><br>JOHN WALTON, Warden, Westmoreland County Prison; STEVEN CMAR, Deputy Warden of Security, Westmoreland County Prison,<br>　　　　Defendants | Civil Action No. 05-1612<br>Judge Arthur J. Schwab/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.　　Recommendation

　　　　It is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute.

II.　　Report

　　　　The plaintiff, Glenn L. Strayer, has presented a civil rights complaint against John Walton, Warden of Westmoreland County Prison, and Steven Cmar, Deputy Warden of Security at Westmoreland County Prison.  In his complaint, plaintiff alleges that the defendants violated his 8th Amendment right to be free from cruel and unusual punishment by subjecting him to continuous illumination of the general population housing area, causing him to suffer insomnia, migraine headaches and deteriorating eyesight.

　　　　On December 14, 2005, this Court issued an order directing plaintiff to submit to the Court a signed Notice and Authorization form and to pay the initial filing fee of $12.00. Plaintiff's copy of said Order was returned to the Court from Westmoreland County Prison

indicating that plaintiff had been released on November 22, 2005. On February 13, 2006, this Court ordered plaintiff to show cause by February 27, 2006, why the case should not be dismissed for his failure to prosecute. To date, plaintiff has failed to respond to this Order. As well, plaintiff has failed to notify the Court of his whereabouts or give any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders and failure to notify the Court that he was no longer incarcerated which weigh heavily against him. Plaintiff's obligation to notify the Court of his change of address so that the Court could communicate with him and to respond to the Court's Orders was not only solely his

personal responsibility but his failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- since the Complaint in this case has noy yet been served, there appears to be no specific prejudice to defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  However, because he has failed to notify the Court of his change of address so that the case may go forward and failed to respond to the Court's Orders, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    /s/    Amy Reynolds Hay
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated: 8 March, 2006

cc: Glenn L. Strayer
1680-2005
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601